# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

HOWARD LEE LEACH
ADC #111353                                                                          PLAINTIFF

V.                                  1:11CV00023 JMM/JTR

LEROY BROWNLEE,
Chairman, Arkansas Parole Board, et al.                              DEFENDANTS


## ORDER OF DISMISSAL

Plaintiff, Howard Lee Leach, who is a prisoner in the Grimes Unit of the Arkansas

Department of Correction, has filed a *pro se*[1] § 1983 Complaint and an Application to Proceed *In

Forma Pauperis*. *See* docket entries #1 and #2.

### I. Discussion

**A.      Three Strikes Rule**

The Prison Litigation Reform Act contains a three strikes provision, which specifies that a

prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while

---

[1] Plaintiff is hereby notified of his responsibility to comply with Local Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

Plaintiff is further notified of 28 U.S.C. § 1915(g), which provides that a prisoner may not proceed with a civil suit *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2002) (holding that § 1915(g) is constitutional).

The Court's records demonstrate that Plaintiff has previously filed at least four § 1983 actions that were dismissed for failing to state a claim upon which relief may be granted.  *See Leach v. Storey,* 5:00CV005070 HFW (W.D. Ark. 2000) (dismissed on May 4, 2000, and no appeal filed); *Leach v. Norris,* 5:01CV00441 JMM (E.D. Ark. 2001) (dismissed on July 2, 2002, and affirmed on appeal on December 9, 2002); *Leach v. White*, 5:01CV05081 JLH (W.D. Ark. 2001) (dismissed on June 27, 2001, and no appeal filed); *Leach v. Ark. Dept. of Correction*, 5:02CV05084 (W.D. Ark. 2002) (dismissed on June 24, 2002, and no appeal filed).   Thus, Plaintiff accumulated three strikes, as defined by § 1915(g), prior to commencing this action on March 14, 2011.

**B.**     **Imminent Danger Exception to the Three Strikes Rule**

Even though Plaintiff is a three striker, he still may be allowed to proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule.  *See* 28 U.S.C. § 1915(g) (providing that three strikers should, nevertheless, be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury").  In *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998), the Eighth Circuit explained that the exception applies only if the prisoner alleges that he is in imminent danger "*at the time of filing*" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient." (Emphasis in the original.) Furthermore, the Eighth Circuit has been reluctant to apply the imminent danger exception unless

the alleged ongoing danger subjects the prisoner to a risk of a truly serious physical injury. *Compare Ashley*, 147 F.3d at 717 (applying the imminent danger exception when a prisoner alleged that prison officials continued to place him near his enemies despite two prior stabbings), *with Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003) (refusing to apply the imminent danger exception when a plaintiff alleged that prison officials made him work outside in extreme weather conditions that did not result in any serious physical injuries).

In his Complaint, Plaintiff alleges that Defendants are causing him severe emotional distress and violating his unspecified constitutional rights by requiring him to complete the Reduction of Sexual Victimization Program ("RSVP") in order to obtain an early release on parole. *See* docket entry #2. Plaintiff contends that he should not be required to complete the RSVP because he is innocent of any sexual misconduct. Clearly, Plaintiff's allegations do not currently place him in imminent danger of serious physical injury. Accordingly, he is not entitled to proceed *in forma pauperis.*

## II. Conclusion

IT IS THEREFORE ORDERED THAT:

1.      Plaintiff's Application to Proceed *In Forma Pauperis* (docket entry #1) is DENIED.

2.      This case is DISMISSED, WITHOUT PREJUDICE, pursuant to the three strikes rule set forth in 28 U.S.C. § 1915(g).

3.      If Plaintiff wishes to continue this case, he must, **within thirty (30) days of the entry of this Order of Dismissal**:  (a) pay the $350 filing fee in full, noting the above case style and number; and (b) file a Motion to Reopen the case. Upon receipt of the Motion and full payment, this case will be reopened.

4.      The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order of Dismissal and the accompanying Judgment would not be taken in good faith.

Dated this ___28___ day of March, 2011.

_____
UNITED STATES DISTRICT JUDGE